**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |
|---|---|
| KATE LOUISE POWELL, | Case No. 1:26-cv-02199 |
| Plaintiff, | Judge Andrea R. Wood |
| v. | Magistrate Judge Daniel P. McLaughlin |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", | |
| Defendants. | |

**PLAINTIFF'S SUPPLEMENTAL SUBMISSION IN RESPONSE TO**
**THE COURT'S ORDER [33]**

Pursuant to the Court's Order [33], Plaintiff Kate Louise Powell ("Powell" or "Plaintiff") submits this supplemental submission in further support of her motion for entry of default and default judgment [28]. The Order directed Plaintiff to address two questions as to all defaulting defendants: (1) whether they have been properly served under *Kangol LLC v. Hangzhou Chuanyue Silk Import & Export Co.*, No. 25-2205, 2026 WL 1502198 (7th Cir. May 29, 2026), and (2) whether the Court has personal jurisdiction over them under *Liu v. Monthly*, 170 F.4th 1090 (7th Cir. 2026). Plaintiff addresses each prong in turn.

## I. INTRODUCTION AND DEFAULTING DEFENDANTS

Plaintiff's investigation only includes the remaining Defendants who are subject to Plaintiff's motion for entry of default and default judgment [28] (the "Defaulting Defendants") and excludes all other Defendants who were previously dismissed or appeared through counsel. Plaintiff's motion also excludes Defendant No. 31, as Plaintiff identified a plausible, serviceable address, the Convention applies, and Plaintiff will serve Defendant No. 31 through the Singapore Central Authority. As such, there are thirteen defendants subject to default: seven with addresses

1

located in mainland China, one in Vietnam, three in Hong Kong, and two for which no address was disclosed. For Defendant No. 35, Plaintiff had identified three separate storefronts, but only one provided a platform-disclosed address in Hong Kong. There were no other addresses disclosed from the other storefronts. The Defaulting Defendants are divided as follows:

| Country/Category | Route | Defendant Nos. |
|---|---|---|
| Mainland People's Republic of China | email, Rule 4(f)(3) / Hague Art. 1 unknown-address | 1, 3, 7, 12, 25, 33, 34 |
| Vietnam | email, Rule 4(f)(3) (Art. 10(a) non-objection + address-not-known) | 19 |
| Hong Kong | Art. 10(a) postal channel or Art. 1 email | 30, 32, 35-coodeals |
| No address disclosed | email, Art. 1 unknown-address | 26, 28, 35-fanwells, 35-handdeals |

## II.  ALL DEFAULTING DEFENDANTS ARE PROPERLY SERVED

### A.  Legal Standard

In *Kangol*, the Seventh Circuit held that the Hague Service Convention will not apply under Article 1 if a defendant's physical address is unknown even after reasonably diligent efforts to ascertain and verify it. 2026 WL 1502198, at *6. The showing is per defendant and must describe the efforts undertaken by plaintiff. A real, mappable building is a "known" address, unless the registered occupant is not the storefront (a name-mismatch) or the address is otherwise not verifiably connected to the defendant. The diligence standard tracks *NBA Properties, Inc. v. Partnerships & Unincorporated Ass'ns Identified in Schedule "A,"* 549 F. Supp. 3d 790, 796 (N.D. Ill. 2021) ("reasonably diligent efforts to ascertain and verify"). Where the address is unknown after such efforts, the Convention does not apply at all, and Rule 4(f)(3) email is available in the Court's discretion. *See* Hague Service Convention art. 1, 20 U.S.T. at 362; *Zuru (Singapore) Pte., Ltd. v. Individuals Identified on Schedule A*, 2022 WL 14872617 (S.D.N.Y. Oct. 26, 2022).

2

The Court's Order for Leave to Conduct Expedited Discovery and Electronic Service of Process [22] already authorized service by email and/or electronic publication under Rule 4(f)(3). This submission supplies the per-defendant *Kangol* record confirming that authorization was and remains proper.

**B. The addresses for Defendant Nos. 1, 3, 7, 12, 25, 33, and 34 are unknown after diligent efforts.**

For every mainland-China defendant, Plaintiff (i) catalogued the platform-disclosed address verbatim; (ii) attempted resolution on Baidu Maps, Amap, and (for English-only strings) Google Maps; and (iii) ran Tianyancha corporate-registry searches by both name and address, with a shared-unit check. Jiang Decl. ¶¶ 4–6; Ex. A; Ex. B. The diligence did not verify a single defendant to a live, registered entity operating under the storefront name at the pled address. The defendants fall into the following buckets:

- **Registered occupant, name-mismatch (Nos. 1, 3, 12).** A registered entity exists at or near the pled address, but its registered Chinese-character name is not the storefront (e.g., No. 1 — 佛山市积宇辰星文化创意有限公司, USCC 91440606MADG222D08, at the pled unit under a self-declaration [住所申报]. Ex. B §3. A building that maps to a different registered occupant is not a "known" address as to this defendant under *Kangol*: nothing verifiably connects the storefront to that occupant. Jiang Decl. ¶ 6.

- **Cluster / virtual secretarial address (Nos. 12, 25).** No. 25's address is a well-documented Qianhai business-secretary mass-registration address hosting 20-plus unrelated entities administered by 深圳市前海商务秘书有限公司, none matching the storefront; No. 12's exact unit is shared by three unrelated entities. Ex. B §3.

- **No registry entity at all (Nos. 7, 33, 34).** After multiple search variations, no registered entity sits at the pled address (No. 7 returned only phonetic matches located elsewhere; No. 34 returned only unrelated entities in the broader industrial park, none at the exact unit 401-1-18 to 401-1-21, and the store's own sites attribute the same building to two different company names). Ex. B §3.

In addition, none of these defendants is identified on the platform record by a Chinese-character legal name supplying the four SAMR components (行政区划 + 字号 + 行业表述 + 组织形式) that a PRC Central Authority submission requires. Jiang Decl. ¶¶ 5, 10. A Hague submission would therefore be assured to fail for want of a serviceable registered name and address. The Convention does not apply (Article 1), and email under Rule 4(f)(3) is proper for each. Due process is satisfied because each defendant operates a storefront tied to a platform-verified email address, which *NBA Properties* recognizes as at least as reliable as an unverified physical address, and which is "reasonably calculated" to give notice under *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

## C. For Defendant No. 19, service via electronic means is proper as Vietnam does not object to Article 10(a) postal-channel service and Defendant's address remains unknown.

*Kangol*'s email bar does not govern the Vietnam-resident defendant. *Kangol* prohibited email service in China for a single reason: the court declined to decide whether email is a "postal channel" and rested entirely on the undisputed fact that "China has objected to service under Article 10(a)," so that even if Article 10(a) "otherwise permits service by email as a type of postal channel," that channel was closed. *Kangol*, 177 F.4th at 801. Vietnam specifically provides in its declaration that "[t]he Socialist Republic of Viet Nam *does not oppose* to the service of documents through postal channels mentioned in paragraph a of Article 10 of the Convention if the documents

4

forwarded via postal channels are sent via registered mail with acknowledgement of receipt." *See* Hague Conf. on Priv. Int'l L., *Declaration/Reservation/Notification: Viet Nam*, https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=1337&disp=resdn (last visited July 20, 2026) (emphasis added); *see also Kev & Cooper Ltd. Liab. Co. v. Sen*, No. 23 C 1316, 2023 WL 12219342, at *3 (N.D. Ill. Nov. 3, 2023) (finding "service by email to an individual in Vietnam does not violate an international agreement"). Because Vietnam leaves Article 10(a) open, the fact that drove *Kangol* is absent, and the Convention does not prohibit postal-channel service into Vietnam.

Second, and independently, the Convention does not apply at all where a defendant's address is not known, and Rule 4(f)(3) email is then available in the Court's discretion. The provided address for Defendant No. 19 resolves only to commune level, without a specific unit/house number, and the Chinese registry/mapping tools do not cover Vietnam. Jiang Decl. ¶ 7; Ex. A (No. 19). As such, service via email satisfies due process. The method must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action." *Kev & Cooper*, 2023 WL 12219342, at *3 (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)). The Vietnamese defendant operates an interactive website with a PayPal account, and maintains a platform-verified email address —the feature that made email "a more reliable method of service" than an unverified physical address in *NBA Props.*, 549 F. Supp. 3d at 797.

### D. The Hong Kong defendants (Nos. 30, 32, 35-coodeals)

Like Vietnam, the Hong Kong Special Administrative Region (SAR) has also specifically noted it does not oppose Article 10(a) of the Hague Convention. *See China (Hong Kong SAR) - Other Authority (Art. 18) & Practical Information*, HCCH, https://www.hcch.net/en/states/authorities/details3/?aid=393 (last visited Jul. 20, 2026).

Therefore, the premise of *Kangol* likewise does not apply here and the basis for effectuating service for these defendants rests solely on determining that no serviceable, defendant-specific address is disclosed by the platform. Nos. 30 (sunaturediamondarts) and 32 (teachersgram) resolve on the maps only to shared Hong Kong secretarial / mass-registration buildings occupied by numerous unrelated companies, and No. 35-coodeals discloses only a neighborhood name ("Hang Hau") that the maps resolve to a general area with no street, building, or unit. Ex. A (Nos. 30, 32, 35-coodeals). Because the disclosed address is thus unknown as to each Defendant after the map investigation, each is properly served by email under Rule 4(f)(3) / Article 1 (address unknown), with the Hong Kong postal channel under Article 10(a) available as an alternative. Due process is satisfied on the platform-verified-email basis (*NBA Props.*; *Mullane*).

**E. There was no disclosed address for Defendant Nos. 26, 28, 35-fanwells, and 35-handdeals.**

For these four defendants, the platform record discloses no address at all (country "Not Indicated"). Ex. A. There is nothing to ascertain or verify; the address is unknown on the face of the record, and email under Rule 4(f)(3) / Article 1 is proper. Due process is satisfied on the platform-verified-email basis.

## III. THE ADDRESS OF DEFENDANT NO. 31 IS KNOWN, AND THE HAGUE CONVENTION APPLIES

The platform record disclosed an address for Defendant No. 31 (seseable) in Singapore, and the address resolved cleanly on map verification. For this Defendant, Plaintiff will serve through the Singapore Central Authority. Plaintiff respectfully requests additional time to attempt service through the Singapore Central Authority for this Defendant.

## IV. THE COURT HAS PERSONAL JURISDICTION OVER THE DEFAULTING DEFENDANTS

In *Liu v. Monthly*, 170 F.4th 1090 (7th Cir. 2026), the Seventh Circuit held that specific personal jurisdiction over a Schedule A online seller requires evidence of an actual completed sale into the forum; a storefront that is merely "ready, willing and able to ship" to the forum is legally insufficient. Each of the remaining Defendants has transacted business in the United States, including Illinois. The order confirmations for the completed purchases from each defendant to an Illinois ship-to address have been submitted as part of the Motion [28] and filed as [29-4] and are attached to the Jiang Decl. as Exhibit C.

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. Find the Hague Convention inapplicable under Article 1 as to Defendant Nos. 1, 3, 7, 12, 19, 25, 26, 28, 30, 32, 33, 34, and 35, that the Hague Service Convention is therefore inapplicable, and that service by electronic means under Fed. R. Civ. P. 4(f)(3) as previously authorized by this Court is and was proper;

2. As to Defendant No. 31, allow Plaintiff additional time to serve through the Singapore Central Authority;

3. Find that personal jurisdiction is proper over all remaining Defendants, as each Defendant accepted, processed, and delivered an infringing product to an Illinois address;

4. Proceed on Plaintiff's motion for entry of default and default judgment [28], excluding Defendant No. 27 who has appeared through counsel [30], Defendant No. 31 until Plaintiff has effectuated service under the Hague Convention, and all other defendants who have previously been dismissed; and

5. Grant such further relief as the Court deems just.

DATED:  July 20, 2026                                  Respectfully submitted,

*/s/ Keith A. Vogt*
Keith A. Vogt
FL Bar No. 1036084/IL Bar No. 6207971
Keith A. Vogt PLLC
1820 NE 163rd Street, Suite #306
North Miami Beach, Florida 33162
Telephone: 312-971-6752
E-mail: keith@vogtip.com

***ATTORNEY FOR PLAINTIFF***