**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KATE LOUISE POWELL, | Case No. 1:26-cv-02199 |
|     Plaintiff, | |
| v. | Judge Andrea R. Wood |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", | Magistrate Judge Daniel P. McLaughlin |
|     Defendants. | |

**DECLARATION OF YANLING JIANG**

I, Yanling Jiang, declare as follows:

1.    I am an attorney and the principal of JiangIP LLC, and I am one of the attorneys of record for Plaintiff Kate Louise Powell in this action (appearance at ECF 5). I submit this declaration in support of Plaintiff's supplemental submission in response to the Court's Order [33]. I have personal knowledge of the matters stated here, and if called as a witness I could and would testify competently to them. My knowledge is based on: (a) my own review of the platform records, corporate-registry records, and mapping records described below and collected in the exhibits; (b) my familiarity, as a native Mandarin speaker born and raised in the People's Republic of China, with Chinese-language addresses, place names, and corporate nomenclature; (c) my professional familiarity with the registration of business entities in the PRC under the State Administration for Market Regulation (国家市场监督管理总局, "SAMR"); and (d) the investigation I directed and supervised in this matter, which was conducted under my direction on July 14-15, 2026.

2.    On May 29, 2026, Plaintiff moved for entry of default and default judgment against the defaulting defendants identified on the First Amended Schedule A [28], supported by a memorandum and declarations [29]. On June 4, 2026, the Court ordered Plaintiff to make a

1

supplemental submission addressing (1) whether all defaulting defendants have been properly served, and (2) whether the Court has personal jurisdiction over all defaulting defendants, addressing *Liu v. Monthly*, 170 F.4th 1090 (7th Cir. 2026), and *Kangol LLC v. Hangzhou Chuanyue Silk Import & Export Co.*, 2026 WL 1502198 (7th Cir. May 29, 2026) [33]. This declaration and its exhibits supply the service-diligence (*Kangol*) record for that submission, and authenticate the completed-purchase records (Exhibit C) bearing on the personal-jurisdiction (*Liu*) prong.

3. The investigation included only the remaining Defendants who are subject to Plaintiff's motion for entry of default and default judgment [28], excluding all other defendants who have previously been dismissed. One defendant, No. 27 diamondspaintingfactory, has appeared through counsel [30] and has also been excluded from this analysis. The investigation also identified a plausible, serviceable address for Defendant No. 31 seseable. The Convention therefore applies and Plaintiff will serve Defendant No. 31 through the Singapore Central Authority. As a result, there are thirteen defendants subject to default: seven with addresses located in mainland-China, one in Vietnam, three in Hong Kong, and two for which no address was disclosed. For Defendant No. 35, Plaintiff had identified three separate storefronts, but only one provided a platform-disclosed address in Hong Kong. There were no other addresses disclosed from the other storefronts.

4. For each defendant I catalogued the platform-disclosed address exactly as the platform stated it (preserving the original Chinese or English text); attempted to resolve that address on Chinese-language mapping services (Baidu Maps 百度地图 and Amap 高德地图) and, where the address was in English, on Google and Google Maps; classified the platform-disclosed name under the SAMR framework; and, for every mainland-PRC defendant with a disclosed

Chinese address, ran corporate-registry searches on Tianyancha (天眼查) by both name and address, pulled registry detail for any hit, and ran a shared-unit search to detect cluster registration. The map-resolution findings are collected in **Exhibit A**; the registry findings are collected in **Exhibit B**.

5.        Under SAMR regulations, a registered PRC enterprise name comprises four components: an administrative-division prefix (行政区划), a distinctive trade-name component (字号), an industry descriptor (行业表述), and an organizational-form suffix (组织形式). Service through the PRC Central Authority under the Hague Convention requires the defendant's registered Chinese-character legal name. As set out in Exhibit A, none of the mainland-PRC defendants is identified on the platform record by a Chinese-character legal name supplying those four components; the platform identifiers are storefront aliases, coined English words, or run-together pinyin supplying at most a 字号.

6.        **Per-defendant findings — mainland-PRC defendants (Exhibits A & B).** The corporate-registry pass did not verify a single defendant to a live registered entity operating under the storefront name at the pled address. Specifically: for Nos. 1 (佛山市积宇辰星文化创意有限公司), 3 (山西益诺达生物开发有限公司), and 12 (莆田市秀屿区礼星阳贸易商行), a registered entity exists at or near the pled address but its name does not match the storefront. For Defendant No. 25 diamondpaintingpro, the pled address is a well-known Qianhai business-secretary mass-registration address hosting 20-plus unrelated entities, none matching the storefront. For Nos. 7, 33, and 34, no registered entity was found at the pled address after multiple search variations (No. 7 returned only phonetic name matches located elsewhere; No. 34 returned only unrelated entities in the broader industrial park, none at the exact unit, with the store's own websites attributing the same building to two different company names). In each instance the

address is not "known" within the meaning of *NBA Properties* and *Kangol*: the storefront cannot be verifiably connected to a serviceable occupant at the pled location. All seven remaining mainland-PRC defendants are accordingly properly served by email under Rule 4(f)(3), the Convention being inapplicable under Article 1 (address unknown).

7. **Per-defendant findings — Vietnam defendant (No. 19).** HOZZIFY (No. 19) is a Vietnam-resident seller. The Chinese registry and mapping tools do not cover Vietnam and are not probative of these addresses. On the map prong, No. 19 resolves only to commune level (Vinh Loc B, Binh Chanh, Ho Chi Minh City), without a specified unit/house number. *Kangol*'s email bar does not govern these defendants: it turned entirely on China's objection to Article 10(a), whereas Vietnam's Hague declaration does not oppose Article 10(a) postal-channel service by registered mail with acknowledgement of receipt.

8. **Per-defendant findings — Hong Kong (Nos. 30, 32, 35-coodeals)** Unlike mainland China, the Hong Kong SAR has not objected to Article 10(a) of the Hague Convention. Defendant Nos. 30 (sunaturediamondarts) and 32 (teachersgram) resolve to shared Hong Kong secretarial / mass-registration addresses occupied by numerous unrelated companies; No. 35-coodeals discloses only a neighborhood name ("Hang Hau"), with no street, building, or unit. Hong Kong has not objected to Article 10(a), so these defendants are routed to the Hong Kong postal channel or, where the shared secretarial unit or neighborhood-only address is unknown as to the defendant on the map record, to email under Article 1 — not the PRC Article-1 SAMR framework.

9. **Per-defendant findings — Singapore (No. 31).** The Hague Convention extends to the Republic of Singapore. The platform-disclosed address for Defendant No. 31 (seseable) resolves to a multi-unit building with an office occupied by a business entity which shares the defendant store front name. As there is a plausible, serviceable address for Defendant, the Hague

Convention applies and Plaintiff will attempt to effectuate service via the Singapore Central Authority.

10.     Plaintiff has not submitted the mainland-PRC defendants to the PRC Ministry of Justice Central Authority because the platform records do not supply the SAMR four-component registered Chinese-character legal name that such a submission requires, and the registry pass did not cure that gap. No defendant was verified to a live, registered entity operating under the storefront name at the pled address. Under these circumstances a Central Authority submission would be assured to fail for want of a serviceable registered name and address, and the Convention does not apply. Email service under Rule 4(f)(3) is therefore proper as to each mainland-PRC defendant, consistent with *Kangol* and *NBA Properties*.

11.     Exhibit A (Per-Defendant Investigation Summary) and Exhibit B (Tianyancha Corporate-Registry Diligence Report) are true and correct copies of the records they purport to be, prepared in the course of the investigation I directed and supervised on July 14-15, 2026. The screenshots referenced in Exhibit A and the raw registry CSVs referenced in Exhibit B are the materials on which those exhibits rest and are retained in the matter file.

12.     Each of the remaining Defendants, including Defendant Nos. 27 and 31, has transacted business in the United States, including Illinois. Exhibit C consists of true and correct copies of the order confirmations for the completed purchases from the operative defendants, each reflecting an Illinois ship-to address.

Executed on July 20, 2026                          */s/ Yanling Jiang*
                                                   Yanling Jiang
                                                   Counsel for Plaintiff