**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

KATE LOUISE POWELL,

Plaintiff,

v.

THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

Defendants.

Case No.: 1:26-cv-02199

Judge Andrea R. Wood

Magistrate Judge Daniel P. McLaughlin

**PLAINTIFF'S STATUS REPORT**

Pursuant to Minute Entry Order [51], Plaintiff, KATE LOUISE POWELL ("Plaintiff"), files this status report solely on behalf of Plaintiff regarding service of process on Defendant No. 31 (seseable) and the other pending matters in this case.

Defendant No. 31 (seseable). On October 21, 2026, Plaintiff filed the return of service reflecting that Defendant No. 31 was served on October 12, 2026 [53]. Plaintiff and Defendant No. 31 have since resolved this matter, and Plaintiff will file a notice of voluntary dismissal as to Defendant No. 31.

Defendant No. 27 (diamondspaintingfactory). Plaintiff served Defendant No. 27 by electronic means under the Court's Order [22]. On May 30, 2026, Defendant No. 27 appeared through counsel [30] and moved for an extension of time to respond to the Complaint, stating that "[b]ased on the ostensible service date of the Summons, the original due date for Defendant to answer or otherwise respond to the Complaint was May 28, 2026." [31] ¶ 1. The Court granted the motion and ordered Defendant No. 27 to answer or otherwise respond by June 18, 2026 [32]. Defendant No. 27 has not answered or otherwise responded to the Complaint.

Plaintiff has asked Defendant No. 27, through its counsel, for its address and has not received a complete one. On May 14, 2026, Plaintiff asked for "[t]he name of the individual and/or company that owns and operates the Internet Store(s), and the address of that individual and/or company." On May 18, 2026, counsel identified the operator only as "Shenzhen Lishang Trading Co., Ltd., Bantian Street, Longgang District, Shenzhen," with no street number, building, or unit, and without the company's registered Chinese name. On July 27, 2026, Plaintiff asked whether Defendant No. 27 would consent to electronic service. Counsel responded on July 28, 2026: "Please proceed with seeking a default, as our client does not intend to file an answer. In the meantime, our client does not consent to electronic service." On October 14, 2026, Plaintiff asked counsel to "provide your client's full address by October 20," because "[t]he previous address does not include a street number or zipcode." Counsel did not provide one. On October 20, 2026, counsel instead moved to withdraw [52], stating that Defendant No. 27 had terminated the representation on or about October 7, 2026, and listing the following information by which Defendant No. 27 "may be reached" should the Court need to reach it: "Lu Yang, Shengtianxia Building, Banxuegang Boulevard, Longgang District, Shenzhen City, Guangdong Province, China 518129," a telephone number, and the email address 1811687248@qq.com. [52] ¶ 6. That address has no street number and no unit, and it does not identify any company.

Plaintiff searched the PRC corporate registry, through Tianyancha, for the English name counsel supplied. The search returned six registered companies matched to that English name, three of which are listed under the exact name "Shenzhen Lishang Trading Co., Ltd.": an active company in Longgang District (深圳利尚贸易有限公司), an active company in Bao'an District (深圳市荔商贸易有限公司), and a deregistered company in Longhua District (深圳市立商贸易有限公司). The Longgang company is registered to Room 2307, Tower A, Xintianxia Bairuida

Building, Wankecheng Community, Bantian Subdistrict, Longgang District (深圳市龙岗区坂田街道万科城社区新天下百瑞达大厦 A 座 23F2307 室). Since July 23, 2026, the Longgang District market regulation bureau has listed that company as operating abnormally for failing to publish its annual report. Neither Defendant No. 27 nor its counsel has confirmed that this company operates the store, and nothing Defendant No. 27 has provided identifies Room 2307 or any other unit.

As Plaintiff explained in its supplemental submission [37], a request for service through the China Central Authority requires the defendant's registered Chinese name and a complete address. Defendant No. 27 has supplied neither. To proceed under the Hague Service Convention, Plaintiff would have to choose for itself between the incomplete contact address Defendant No. 27 gave the Court in [52] and the registered address of a company that Plaintiff selected by matching an English name and a subdistrict, without any confirmation from Defendant No. 27 that the company operates the store. Plaintiff respectfully submits that it should not be required to bear that guesswork. Defendant No. 27 engaged counsel on or about May 11, 2026 [52] ¶ 1, appeared, obtained an extension of its deadline to respond, told Plaintiff to proceed with a default, refused consent to electronic service, and did not provide a complete address when asked. Defendant No. 27 has chosen not to participate in this action while withholding the information needed to serve it abroad, and its own counsel's filing confirms that it can be reached by email [52] ¶ 6.

Counsel's motion to withdraw [52] remains pending, and Plaintiff does not oppose it. Defendant No. 27 has been represented by counsel since May 30, 2026 [30], did not answer or otherwise respond by the June 18, 2026 deadline set in [32], and through counsel informed Plaintiff on July 28, 2026, in response to Plaintiff's request for consent to electronic service, that "our client does not intend to file an answer." Because Defendant No. 27 is an entity that may appear only

through counsel, Plaintiff respectfully requests that, if the Court grants [52], the Court advise Defendant No. 27 that it will be held in default if an appearance by substitute counsel is not filed by a date the Court sets, and direct the Clerk to add the contact information in [52] ¶ 6, including the email address, to the docket. Plaintiff will serve this report on withdrawing counsel and at that email address.

Plaintiff intends to move for entry of default and default judgment against Defendant No. 27 on the grounds that its address is not known within the meaning of Article 1 of the Hague Service Convention and that service by electronic means under the Court's Order [22] was proper. Plaintiff respectfully requests leave to file that motion within thirty (30) days after the date the Court sets for an appearance by substitute counsel or, if the Court does not set such a date, within thirty (30) days of the Court's order on this report.

Plaintiff's motion for default judgment [28]. Plaintiff's motion for entry of default and default judgment [28] remains under advisement [38]. As stated in Plaintiff's supplemental submission [37], that motion does not extend to Defendant No. 27 or Defendant No. 31.

DATED: November 16, 2026

Respectfully submitted,

*/s/ Keith A. Vogt*

Keith A. Vogt
FL Bar No. 1036084/IL Bar No. 6207971
Keith A. Vogt PLLC
1820 NE 163rd Street, Suite #306
North Miami Beach, Florida 33162
Telephone: 312-971-6752
E-mail: keith@vogtip.com

***ATTORNEY FOR PLAINTIFF***

## CERTIFICATE OF SERVICE

I hereby certify that on November 16, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send an email notification of such filing to all registered attorneys of record. I further certify that on the same date I served a copy of the foregoing by email on Defendant No. 27 (diamondspaintingfactory) at 1811687248@qq.com, the email address listed in [52] ¶ 6.

/s/ *Keith A. Vogt*
Keith A. Vogt, Esq.